Good morning. May it please the court, counsel, I would like to reserve 3 minutes of my time for rebuttal. I'll try to remember when we get to that point. My name is Cassandra Stamm and it's my pleasure to be here today arguing on behalf of Mr. Lindsey Kinney, who as we sit in this room sits in federal prison based on words that he posted on the internet. Of course the First Amendment dictates that a person can be imprisoned for their words only under very limited circumstances and for more than 50 years at this point we have had the true threats doctrine that applies to situations like Mr. Kinney where the court has said very clearly that not every threat is worthy of punishment under the U.S. Constitution. So I would agree with you it would be better it sounds like a good that it would be better. My understanding is that he did not testify so but his defense somehow I think counsel argued that he was just joking. He didn't really mean it. He wasn't going to hurt anyone. You have all the videos that are played so it's pretty hard and I think we all watch the videos and some of them are pretty bad. So the question is I'm trying to figure out the statute itself doesn't say it says threat right and I know there has been the model jury instruction was given which goes to what intent your client had to have and what intent had needed to be present for the alleged victims of the threat. So what's your best case that says and and I think the model instruction was used so what's the best case to say you also have to give the definition of a true threat. Well it's truth that threat is not the word in the statute right. True threat is not the word in the statute but true threat defined as a serious expression conveying a possibility that the speaker means to commit an act of unlawful violence. That has been the law since Watts was. Well so you're not arguing the evidence was jury instruction. Right right so so there is sufficient evidence in this record so far as we can tell and you're not contesting that to support the jury's to support the notion that there was a true threat. Your argument is that the judge didn't sufficiently instruct the jury on what a true threat is right. Correct. So we're not talking here about whether somebody is being punished for doing things that the Constitution protects. We're talking here about whether the jury was given the appropriate instructions to find that correct. Correct whether the jury was allowed to convict this man based on. Right but so to put it differently you're given your briefing and the absence of a sufficiency of the evidence argument I have to assume that if the jury was was properly instructed then then there's no First Amendment problem. So the only issue is whether it was properly instructed correct. Correct I mean there are other issues. You're right I mean on that so again let's just the true threat seems to be defined by the case law as having two components a subjective component and objective component and the judge gave what I think is the standard instruction about those two components. So what case do you have other than the general notion that true threat is protected that says a more specific instruction about what a true threat is is required. Well Alonus is a case like that. Alonus is a case where the defendant argued that his conviction could not stand because the court didn't give their instruction which would have defined a threat as a serious expression of an intent to inflict bodily injury or to take someone's life. But in that case the court didn't give the instruction given in this case correct. The court didn't give any instruction. Right yes at all at all. So so Alonus just stands for the proposition that you've got to give some instruction about subjective intent. What case stands for the proposition that the instruction about subjective intent has to be the instruction that you think you're arguing in this case should be given. Well I don't think there is a case that says that my instruction in particular must be given. I mean you see the examples that we've cited in the Lease case and in the Kaiser case which were slightly different formulations. The proposition that we're arguing is that there must be some instruction. I think I agree with you. My question is why isn't the subjective instruction given in this case sufficient? Because the subjective portion of the instruction this is in the record at page 57 is simply stated the defendant intended to communicate a threat. There is nothing in that instruction that tells the jury look not any threat qualifies. Some threats qualify. Some threats don't. And over this long. The only threats that qualify are ones that a reasonable person would objectively believe the second part of the instruction were meant to communicate a threat. A threat not a true threat. So that's the distinction that's the crux of the issue. If a reasonable person would have thought that this was a joke. They look at it. They look at what the defendant said and they look at what the alleged victim said and said well a reasonable person wouldn't have thought that he was serious about anything. I mean because he does talk about cutting off heads and a bunch of yeah I mean he does talk about that and but if if in the context if the jury thought that he was joking why wouldn't that instruction entitle him to an acquittal? Because the jury could have believed look when I look at this language that I see in threatening I also could see at the same time that it was just political hyperbole. That it was issued in a context where it didn't constitute a serious threat. For them to decide whether the reasonable observer would take it as a threat or or not. I mean I I guess I'm still having trouble trying to figure out what we're supposed to rely upon for the notion that some other instruction was required because aloneness doesn't require that. So is there that is that it is there any other case? I think all of the First Amendment cases if you look at them and you look at their facts and what they're arguing support our position. Obviously that's an overbroad statement not all of the First Amendment cases. Some of them come out the wrong way. If we go to a very well-known example Virginia versus black. Virginia versus black is a case a cross-burning case. Everyone recognizes at the historic tool of intimidation and threat of impending violence. That's in the opinion. There's a question about that. I teach First Amendment so I teach that case. So I guess but the question would be I could anticipate a situation. Let's say the jury's asking a question out. If the defendant was joking about cutting off someone's head is is he guilty? I I mean I tried a lot of cases and I've gotten a lot of jury questions as when I was a judge a trial judge as well that then I might respond with Virginia versus black evidence. But but I don't know that that makes it an element of the crime you know sometimes. Right. Because essentially if it's an element of the crime that that that your true threat has to be given then I think you're on pretty solid ground that when you leave out an harmless error. But I can't find anything that says saying those magic words is an element of the crime. Well to allow conviction on any other basis would be inconsistent with the First Amendment and it's not a situation where you have to establish well it was a joke. I don't think anyone would argue that the people who were acting in the Virginia versus black case were joking in some way. The argument was that it was some kind of political hyperbole. Some kind of political speech. And even though people including the witnesses who testified in the portion of that case that was reversed who said yes I took it as very threatening and very scary. I could see it from my house is what the witness said in that case. The court said no that's still not enough. Why isn't that captured by this subjective element that the defendant intended to communicate a threat. I guess what additional work is your instruction doing. What additional work that my instruction would have done is to specify that when you say in this instruction a threat what you mean is a situation where the person transmitting the communication meant to communicate a serious expression of intent to commit an act of unlawful violence to a particular group or group of people. Every threat every threat that could be said from what's not punishable under the First Amendment which is statements that when taken in context don't convey that possibility. It's the difference between a threat and a true threat as the United States Supreme Court has repeatedly used that argument. The law has changed with respect to you know the level of subjective intent required is recklessness enough is negligence enough. But that underlying fundamental requirement that there be a true threat as distinguished from a threat has never changed. The court has been quite clear that it is an issue for the jury to decide. And in my mind at least that solves the argument of you know what is the case that says there has to be an instruction. There has to be an instruction because if there isn't an instruction the jury will never know and the jury won't understand that when Mr. Kinney is arguing at trial. Look the context is important. First of all this is a politically hyperbolic context. We have Mr. Kinney responding in his post. This is with respect to count one to another post of someone else saying that he's declaring war and he's going to engage with lethal force in a lot of people kept listening. They kept walking by wondering what I was listening to. He's quite fluent in the F word. Let's just put it that way. He is. And as as you know from teaching your class the First Amendment protects that protects it mightily and heartily. I'll save what's left of my time. Three and a half morning Craig Nolan for the United States. May please the court. Let me start where the discussion left off and that is whether there needs to be an additional instruction here. An additional element. I want to point out that actually the court used an extra element here. So we pointed out to the court that as the government pointed out to the court that the 875 C model instruction had been superseded and that the drafters of the model instruction for 876 C mailing as opposed to a wire or some other sort of interstate transmission that that instruction had been revised in light of case law that from this court that made it clear at least at that time that simply the subjective intent that simply knowing that someone might view it as a threat was insufficient. I was based on case law excuse me of this court at the time. We added we surveyed the this court's case law looked at some district courts as well. And we asked the court to include the objective element. And it did. And we asked to do that because that is what makes this a true threat. And the defense actually argued against it and instead argued for the Virginia v. Black definition to be grafted on to to the instructions. We just are trying to figure out again the judge gives the instruction the judge gives. So let's forget what instruction the judge might have given the instruction the judge gives says the defendant must intend to communicate a threat and a reasonable observer would view the communication as a threat. Those are the two critical elements in front of us today. Is that enough to cover the truth. That is enough. Of course with that. No it doesn't include this sort of language or your friend has which means to communicate a serious expression of an intent to commit a threat. But that strikes me the only difference between the two is it not. Which is one statement means to communicate a serious expression of an intent to commit an act of unlawful violence. So is the unlawful violence missing. What is the well unlawful violence. First of all isn't in the statute but threat to injure is in the statute. That was covered in the first element that the district court gave knowing transmission of a threat to injure the victim. All the threats. First Amendment doesn't require violence. No I can I can threaten you by I guess pushing you saying I'll push you off the sidewalk. Would that be a true threat. That would be a true threat under this statute. The statute here doesn't talk about the gravity of the injury. Right. So as long as the objective reasonable viewer would read this statement as a threat to injure me. What is some way asking the question. I think our our case law says that in order to for there to be error for you to claim that an instruction that you've submitted wasn't given that instruction has to be accurate. In other words it's one thing to object to the instruction that is given and say that's not an accurate statement of the law. But if you submit an instruction the judge is not required to give it. And so I'm trying to figure out where in the statute the requirement of serious violence comes from. And if there isn't one then this was an inaccurate instruction. There there's no there's no requirement in the statute that the violence that's threatened be serious. And with regard to a proposed statement a proposed instruction under the law it can be it can be accurate. Does the statute require physical injury. It does. Injury to person or property. Yes. Or property or property with a tangible injury say if you don't do X I'm going to steal your car. Does that qualify under the statute. Well putting aside threatening to steal a car does that does that qualify under the statute. Assuming that it's meets the objective and subjective standards. Well that of course is not the case here. Of course not. Right. Right. It's a hypothetical. Right. And that's not really injury the property. It's a theft of property. So I'll blow up your car. Yes. I intend to blow up your car when you're not in it. Yes. Does that violate the statute. But the focus here by the defense is the courts rejecting the definition. But a threat is by its nature a serious expression of intent to commit something to do something here to injure. It's like a light switch. It's either a threat or it's not a threat. It's there. They're not gradations of it being a threat or not. They're gradations of whether there's an injury or whether the injury is going to be very severe. I'll kill you. I'll punch your head in. I will hang you. Those types of things or minor. I'm going to I'm going to come to your house and pinch your rear end. That may be that's a minor injury. The statute in theory covers that. A reasonable observer might determine well that's that's not really injury. So we're not going to convict him of that. The I think if you also look at the transcript and you go from the openings to the closings. Defense argued that the speech was a joke. We argued that it was serious. Witnesses testified that they took it seriously. But the whole argument from the defense was it was a joke. And the argument from the government was this was serious. And so it's not as if the jury here convicted because they thought it was a joke. The element that you would have to convict him of on that was that he intended to threaten him. That he had an intent to threat as opposed to an intent to joke. Right. Right. We we argued that it was a threat and our view of a threat. The threat here is defined by the elements. The elements are the subjective intent by him and the objective intent. That is what everyone in this room assuming we're all reasonable would observe this to be would interpret this to be. They had to interpret it as a threat. They had to believe under this instruction that he intended it to be a threat. Yes. Right. They did. They did. Yes. And then it wouldn't be enough if as his objective observer I viewed it as a threat. That would not violate the statute under this under the statute as interpreted by the case law only has an objective. No no no no. The case law very much has a subject. So the jury has to find no matter how how scary the threat is to me as an objective observer that he meant it as one. That's right. And you can see the evidence that supports the jury's conclusion. His tone is and not a reasonable person. The jury would acquit as well. Correct. If you're not if you just someone looks at you sideways and go well I felt like really threatened or a jury would be in a position to say well no you know maybe you did but no reasonable person would take it that way. Agreed if the victim is an eggshell victim that doesn't matter. And of course the jury listened to all but one of the victims and listened to two people charged with protecting the victims. But you're right. If it's an eggshell victim then the jury can say well you know those victims were overly sensitive. We're reasonable. We're a jury. We don't view this as a threat. In this case had the defendant not mentioned specific names because most of the rant in both of these is about groups of people. Zionists Illuminati priests et cetera. Right. At some point in both of these statements he does mention somebody specific. He mentions yes. Let's assume he hadn't. Would this be protected speech. So with regard to the first threat. Right. So with the courts hypothetical assume there aren't the photos of the three individuals. Right. Right. Or names. And there there isn't. Remember he just said the people the people managing this harbor are doing terrible things. I'm not naming them. I'm not showing pictures of them. And I'm you know he says everything else that he said. Right. And the second one that he'd said in our public officials are doing terrible things. And he'd said everything else that he said but never mentioned the specific officials. Would this be a would with the Constitution protect what he did. So with regard to the first there's only one person in the wine I know the harbormaster right. So Mike is easily identified. So he's easily identified with regard to the second threat. If he didn't mention green and the second one rambles and rambles and then these these public officials come in at the very end. And as to one of them green there's relatively specific threats as to the other. The threat seemed to be everything already said or something like that. He certainly threatened then lieutenant governor and his detail which testimony incurs. There's no one. How much of the specificity. Is there enough specificity with request with respect to the other defendant. Other victim of the second threat. Meeting the mayor. Yes. Yes. Well I mean his name is his name is mentioned. He talks about wanting to send them back to where they're from. Neither is a native resident. Yeah. But I see when maybe it doesn't make a but when he talks about green he really does talk about acts of violence against green. Oh he does. As to the mayor. I'm trying to figure out whether or not there's a a threat communicated to the mayor or he's just at the end of my grievances. And I want to say he's another one of those guys too. That's what it really seems like to me. Well of course the jury only had to find that one victim was that the that the allegations in this case constituted true threat against the mayor in order for him to be convicted. That's that's correct. It could be green. It could be the mayor. It could be some members. Well there's two counts. Yeah. There's two counts right. Right. Oh there's some members of the some members of the detail of the detail some of whom were Samoan ancestry which he's the reason I ask is that as to the mayor the evidence of an actual threat against the mayor seems to be a lot weaker than the evidence of an actual threat against green. Oh I would agree with you that. Yeah. I would agree that he that the defendant spoke much more about green and the his security detail. I do want to answer the question you asked a moment ago regarding whether they have to be has to be an identifiable victim or or group of victims. And and hence the jury found obviously that the that the security detail was an identifiable group of victims. And we had a security detail leader come in and talk about that. You've seen the testimony in the bodyguards. And as the testimony came in there were bodyguards of Samoan testimony of Samoan entrusts ancestry. Was it. This is not brief. So I'm asking was there a competency question raised in this case. There was not a competency. And was there a question of whether or not insanity is not a defense anymore. But you know by reason of no I don't think there's any credible suggestion here that Mr. Kinney is was insane or not calm back the ability to form the requisite mens rea. That's right. That didn't come in. Had it come in then we that would have been litigated. But it didn't. Let me. I know. So let me really. Let me let me just move quickly to the firearm evidence. I just want you to look at this wall. We have a is the first post charge in the first count. And you're looking not at just that one but you're looking at all of them. And that's the context. It's very important that we keep in mind. This was not a private email threat a letter a telephone call. It is one video among others. And that's the only way that's as defense counsel said starting in 2017 he intended to project a tough guy image. He may have had a reason to do that. But that was his image. And that's it's one painting among a wall of paintings from the same painter. And you look at the entire wall to understand the one as the victims did. I see my clock is going up. If there are no further questions. I don't have any questions. I just want to stick if I can with this First Amendment issue for a second. The government argues that their view of a threat is that if you have a threat to injure that must be sufficient. If the defendant intended a threat that's good enough. We don't need to look any further. My position you do. They do say you need to look at whether a reasonable observer would view it as such. They said that as well as a threat. But if you look at all of the Supreme Court's opinions on this issue none of them make sense. If you if the doctrine is just well that someone perceived a threat he perceived he intended a threat that's good enough. I mean certainly if you look at a case like Watts you can look at the statement that was made about getting LBJ in the sights of my gun as threatening. And certainly I would presume the government who the court said yes we recognize the statement we understand what it is. It's still not sufficient. And the only way that a jury can know that in a case like this is to be instructed by the court and the jury wasn't instructed by the court. So if the court had used the word the instead of a would you have an objection to this instruction. The court had said the defendant intended to communicate the threat. I guess I'm not sure because a a requires a threat. The first part of the instruction says a threat must be communicated through the mails. Right. Or through through commerce. And then if he said if the court had then said and the defendant must have intended that the threat. It's centered exactly what the court said here. Would that have been sufficient. I don't think so because let's let's assume then why are we worried about a or b if you clearly want more than that. Tell me what you want more than the I want a definition of true threat that's consistent with all of the Supreme Court. Do you agree that the death that the instruction you submitted because it required violence is not an accurate and accurate statement of the law. I just want to have the language of the instruction in front of me. No I don't agree because the language that I proposed for these purposes a threat means a statement where the person transmitting the communication means to communicate a serious expression of an intent to commit an act of unlawful violence of the. So is it is injury is injury in the statute require violence or does it just require injury. Assuming we're always talking about physical injury. The statute does not use the word violence but the Supreme Court has over. So threats threats that threaten injury but not violence are constitutionally protected threats that are not in context a serious expression of an intent to commit an act of unlawful violence are protected by the First Amendment. Absolutely. And that's very clear through all of the Supreme Court opinions. The only thing I want to add with my last 10 seconds is to ask the court to please focus on the actual language of the threats. I know the court has viewed the videos. The court knows everything you know that we've laid out in our briefing regarding the second statement how it it's obviously kind of an impromptu thing. It's not thought out. It's something that even the FBI concluded did not communicate an actual possibility of imminent violence. And then the court has the language from count one as well which has much more to do with the truth coming to light and people being subject to judgment in some form than it does with direct language about you know I will do this to you. Those were the theories that were argued by Mr. Kinney at trial that this was political hyperbole that it was in that context speaking specifically to count one. The argument is slightly different with count two. It's laid out in our briefing but those are the reasons that the jury should have had these instructions and the reason that the failure to give the instruction is not harmless under these circumstances. Thank you for both for your arguments in this matter. It will stand submitted. The court will be in recess until Wednesday at 9. Thank you. Thank you.
judges: CALLAHAN, HURWITZ, THOMAS